1  ALEXANDER B. CVITAN (SBN 81746),
   E-mail: alc@rac-law.com
2  MARSHA M. HAMASAKI (SBN 102720), and
   E-mail: marshah@rac-law.com;
3  PETER A. HUTCHINSON (SBN 225399)
   E-mail: peterh@rac-law.com,
4  REICH, ADELL & CVITAN, A Professional Law Corporation
   3550 Wilshire Blvd., Suite 2000
5  Los Angeles, California 90010-2421
   Telephone: (213) 386-3860; Facsimile: (213) 386-5583
6
7  Attorneys for Plaintiff

8                  UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10

11 | CONSTRUCTION LABORERS          | CASE NO.:
   | TRUST FUNDS FOR SOUTHERN       |
12 | CALIFORNIA ADMINISTRATIVE      |
   | COMPANY, a Delaware limited    | **COMPLAINT FOR MONETARY**
13 | liability company,             | **DAMAGES DUE TO EMPLOYEE**
   |                                | **BENEFIT PLANS**
14 |                                |
   |              Plaintiff,        | [29 U.S.C. §§ 185, 1132(a)(3),
15 |                                | 1132(g)(2) and 1145]
   |        v.                      |
16 |                                |
   | SONG N SONS GENERAL            |
17 | CONSTRUCTION, INC., a California|
   | corporation,                   |
18 |                                |
19 |              Defendant.        |
20

21       Plaintiff, Construction Laborers Trust Funds for Southern California

22 Administrative Company, a Delaware limited liability company, alleges:

23

24                        **INTRODUCTION**

25

26       1.    This action is brought by a fiduciary administrator on behalf of

27 employee benefit plans against an employer  in accordance with the terms and

28

403285.1                              -1-

conditions of the plans, collective bargaining agreements to which the employers  are bound and applicable statutes to recover unpaid monthly employee fringe benefit contributions, subcontracting violations and related damages due to the plans by the employer.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction pursuant to: sections 502(g)(2) and 515 of the Employee Retirement Income Security Act (ERISA) (codified at 29 U.S.C. §§ 1132(g)(2) and 1145); section 502(a)(3) of ERISA (codified at 29 U.S.C. § 1132(a)(3)); and section 301 of the Labor Management Relations Act (LMRA) (codified at 29 U.S.C. § 185).  Pursuant to section 502(e)(2) of ERISA (codified at 29 U.S.C. § 1132(e)(2)), venue is proper in this district for each of the following reasons: the plans are administered in this district; the employer's performance and breaches took place in this district; and the employer resides or can be found in this district.

## PARTIES

3.     Plaintiff, (hereinafter "Plaintiff" and/or "CLTF") is an administrator of, agent for collection for, a fiduciary to, and brings this action on behalf of, the following employee benefit plans: Laborers Health And Welfare Trust Fund For Southern California, Construction Laborers Pension Trust For Southern California, Construction Laborers Vacation Trust For Southern California, Laborers Training And Re-Training Trust Fund For Southern California,  Fund For Construction Industry Advancement,  Center For Contract Compliance, Laborers Contract Administration Trust Fund For Southern California,  Laborers' Trusts Administrative Trust Fund For Southern California and Southern California Partnership For Jobs

Trust Fund (collectively "TRUST FUNDS").  Each of the TRUST FUNDS is an express trust created by written agreement, an employee benefit plan within the meaning of section 3(3) of ERISA (29 U.S.C. § 1002(3)), and a multi-employer plan within the meaning of section 3(37)(A) of ERISA (29 U.S.C. § 1002(37)(A)).  Each of the TRUST FUNDS exists pursuant to ERISA and section 302 of the LMRA (29 U.S.C. § 186).  CLTF and the TRUST FUNDS' principal places of business are in the County of Los Angeles, State of California.

4.     CLTF is a fiduciary as to the TRUST FUNDS, in that it:

A.     Exercises discretionary authority or discretionary control respecting the collection of delinquent (or possibly delinquent) contributions to the TRUST FUNDS, including but not limited to discretion in auditing employers, deciding what claims to assert, acting as agent of the TRUST FUNDS in asserting claims, waiving liquidated damages, settling claims, and releasing claims; and

B.     Exercises authority or control respecting management or disposition of assets of the TRUST FUNDS, including but not limited to, receiving delinquent contributions collected and holding them in a bank account in its own name over which it has check-writing authority, and then exercising discretion in allocating those assets among the different TRUST FUNDS, different participants, different time periods and different jobs.

5.     Plaintiff is informed and believes, and on that basis alleges, that defendant SONG  N SONS GENERAL CONSTRUCTION, INC., ("EMPLOYER") is a California corporation organized and existing under, and by virtue of, the laws of the State of California and is engaged in business in the City of Arcadia, County of Los Angeles, State of California.

/ /

/ /

<u>OTHERS</u>

6.    The Southern California District Council of Laborers and its affiliated Local Unions, (collectively "UNION") is, and at all relevant times was, a labor organization representing employees affecting interstate commerce.  The UNION is not a party to this action.

<u>AGREEMENTS</u>

7.    At all times herein mention and since at least December 7, 2016, EMPLOYER was and continues to be bound to certain collective bargaining agreements of the UNION having executed a Laborers Short Form Agreement for the Construction Industry, which adopts by reference and binds EMPLOYER to  the UNION'S Construction Master Labor Agreements, including one known as the Southern California Master Labor Agreement ("MLA").

8.    Pursuant to the Construction Master Labor Agreements, EMPLOYER became bound to the terms and conditions of the various trust agreements that created each of the TRUST FUNDS ("TRUST AGREEMENTS").  When referenced collectively hereinafter, the Construction Master Labor Agreements, MLA and TRUST AGREEMENTS are referred to as the "AGREEMENTS."

9.    Under the terms of the AGREEMENTS, employers, including the EMPLOYER, are required to submit monthly fringe benefit contributions ("MONTHLY CONTRIBUTIONS") to the TRUST FUNDS for all hours worked by (or paid for) their employees who perform work covered by the AGREEMENTS ("COVERED WORK").

10.    Under the terms of the AGREEMENTS, employers, including the EMPLOYER, are required to submit to the TRUST FUNDS, with their MONTHLY CONTRIBUTIONS, monthly reports, itemized by project, listing the names of their

employees who performed COVERED WORK, their Social Security numbers, the hours of work performed by (or paid for) each, and the resulting MONTHLY CONTRIBUTIONS due for them ("MONTHLY REPORTS"). The TRUST FUNDS rely on MONTHLY REPORTS – and the accuracy of those reports – to determine the amount of MONTHLY CONTRIBUTIONS due to the TRUST FUNDS by employers and the credit toward fringe benefits to be allocated to their employees.

11.     The AGREEMENTS provide for the payment of interest on delinquent MONTHLY CONTRIBUTIONS from the date due at a rate set by the trustees of the TRUST FUNDS. The trustees have set that rate at five percent (5%) above the prime rate set by the Federal Reserve Board of San Francisco, California. The AGREEMENTS also provide for the payment of liquidated damages for each month of delinquent MONTHLY CONTRIBUTIONS or MONTHLY REPORTS, for each TRUST FUND separately, in the amount of twenty percent (20%) of the delinquent MONTHLY CONTRIBUTIONS due to the Trust Fund or $25, whichever is greater (except with respect to the Laborers Contract Administration Trust Fund for Southern California, which assesses liquidated damages at the greater of $20 or ten percent (10%)). In addition, employers are required to pay fees for the submission of checks not honored by the banks upon which they are drawn.

12.     The failure of employers to pay MONTHLY CONTRIBUTIONS when due causes damages to the TRUST FUNDS and its participants beyond the value of the unpaid MONTHLY CONTRIBUTIONS, which are difficult to quantify. Apart from the fees and costs incurred in litigation, the harm caused includes, but is not limited to, the administrative costs of processing and collecting delinquencies, the costs of adjusting benefit credits and notifying participants, the additional burden placed on contractors who faithfully pay their contributions, and the burden upon participants and beneficiaries who may be unable to qualify for benefits they may have otherwise been entitled to had it not been for the delinquency of their employer. The liquidated damages provision of the AGREEMENTS was meant to compensate

for the loss to the TRUST FUNDS, which is incurred even if the MONTHLY CONTRIBUTIONS for a given month are later paid.  It is based on the TRUST FUNDS' ratio of collection costs over amounts collected, which are regularly reported to the TRUST FUNDS' trustees.

13.     Under the terms of the AGREEMENTS, employers, including the EMPLOYER, agree to subcontract COVERED WORK only to entities that are signatory to a Construction Master Labor Agreement with the UNION applicable to the work performed.  If an employer subcontracts COVERED WORK to a non-signatory entity ("Subcontracting Violation(s)"), the employer becomes liable to the TRUST FUNDS in an amount equal to the Monthly Contribution that would have been due if the entity had been signatory, plus interest, liquidated damages and audit fees thereon.

14.     The AGREEMENTS provide the TRUST FUNDS with specific authority to examine the payroll and business records of employers, including the EMPLOYER, to determine whether they have reported all hours worked by (or paid for) their employees who perform COVERED WORK, and whether they have paid the appropriate MONTHLY CONTRIBUTIONS and other amounts due by them to the TRUST FUNDS, and/or to determine whether the employers, including EMPLOYER are in compliance with the reporting and payment obligations of the AGREEMENTS.  The AGREEMENTS further provide that employers, including the EMPLOYER, must maintain records sufficient for the TRUST FUNDS to verify proper Monthly Reporting, and its compliance with the reporting and payment obligations of the AGREEMENTS, and, where there has been inaccurate Monthly Reporting, or other violations of the provisions of the AGREEMENTS, including but not limited to subcontracting violations,  to determine the additional amounts due, and that the employer must pay the TRUST FUNDS' audit fees if it is delinquent to the TRUST FUNDS.  The TRUST FUNDS have delegated the authority to perform such audits to Plaintiff.

15.   The AGREEMENTS require employers to pay the TRUST FUNDS' attorneys' fees and costs of litigation to enforce the AGREEMENTS' foregoing terms, including the Monthly Contribution, Monthly Reporting, subcontracting and audit provisions.

<u>BREACH OF AGREEMENTS</u>

16.   Plaintiff  is informed and believes and based on such information and belief alleges that EMPLOYER employed workers who performed services covered by the AGREEMENTS and failed to pay the rates specified in the AGREEMENTS to TRUST FUNDS on behalf of those workers for each hour worked (or paid for) by employees performing services covered by the AGREEMENTS.

17.   Plaintiff is informed and believes and based upon such information and belief alleges that EMPLOYER subcontracted work covered under the AGREEMENTS to subcontractors who were not signatory to an appropriate labor agreement with the UNION in violation of the AGREEMENTS.

18.   All conditions to EMPLOYER'S obligations to make payments under the AGREEMENTS have been met.

<u>DAMAGES</u>

19.   As a result of EMPLOYER'S failure to pay the rates specified in the AGREEMENTS and violation of the subcontracting provisions of the AGREEMENTS, Plaintiff is informed and believes and thereupon alleges that there is now owing and unpaid to the TRUST FUNDS from EMPLOYER, during the period from December 2016 to June 2020, damages in the sum of at least $77,576.32 consisting of  $18,940.02  in unpaid MONTHLY CONTRIBUTIONS, $6,617.27 in liquidated damages, $2,480.00 in audit fees, $33,529.44 in subcontracting violations, and $5,492.17 in interest on the late and/or unpaid  MONTHLY CONTRIBUTIONS

and subcontracting violations owed to the TRUST FUNDS through October 28, 2020,  less a credit of $4,000.00, plus additional accrued interest at the variable plan rate(s), currently 5.25% per annum, until payment is made as well as any additional MONTHLY CONTRIBUTIONS, subcontracting violations, liquidated damages, audit fees and interest on any additional amounts owed at the plan rate(s) according to proof at the time of trial or other hearing.

20.     The failure of the EMPLOYER to pay MONTHLY CONTRIBUTIONS when due causes harm to the TRUST FUNDS and its participants, which is impractical to accurately quantify.  This may include the cost of collecting the MONTHLY CONTRIBUTIONS from the EMPLOYER or third parties (not including the costs of this litigation), the cost of special processing to restore benefit credits because of late MONTHLY CONTRIBUTIONS, the temporary loss of insurance coverage by employees (even if later restored) and medical harm to participants and beneficiaries who may have foregone medical care when notified that medical insurance ceased because of their employer's failure to pay MONTHLY CONTRIBUTIONS.  The liquidated damages provision of the AGREEMENTS was meant to compensate for this unquantifiable loss, and is based on the ratio of collection costs over amounts collected, regularly reported to the Trustees.  The Trustees of the TRUST FUNDS have the authority, in their discretion, to waive all or part of these liquidated damages.  In this case, they have exercised their discretion by declining to waive any liquidated damages.

21.     It has been necessary for the TRUST FUNDS to engage counsel to bring this action to compel compliance with the AGREEMENTS which provide that in the event litigation is necessary with respect to any of the  MONTHLY CONTRIBUTIONS, subcontracting violations, and other damages and interest owed by EMPLOYER, then EMPLOYER would pay reasonable attorney's fees and all other reasonable expenses of collection, including audit fees.

/ / /

22.     Under Sections 515 and 502(g) of ERISA, EMPLOYER is liable to the TRUST FUNDS not only for the amount of delinquent MONTHLY CONTRIBUTIONS but also (a) for pre-judgment and post-judgment interest on the delinquent sums (as provided for in Section 502(g) of ERISA); (b) for the higher of interest or liquidated damages (as provided for in Section 502(g) of ERISA); (c) for attorneys' fees; and (d) for other relief permitted by Section 502(g) of ERISA.

**WHEREFORE, CLTF prays for judgment as follows:**

1.     For the sum of at least $18,940.02 in delinquent fringe benefit contributions pursuant to the AGREEMENTS and pursuant to 29 U.S.C. § 1132(g)(2)(A);

2.     Interest in the amount not less than $5,492.17 on the late paid or unpaid fringe benefit contributions  and subcontracting violations as required by the AGREEMENTS and pursuant to 29 U.S.C. § 1132(g)(2) from the date the contributions became due through October 28, 2020, plus additional accrued interest at the plan rate(s);

3.     For the sum of at least $6,617.27  in liquidated damages as required by the AGREEMENTS and 29 U.S.C. § 1132(g)(2)(C);

4.     For subcontracting violations in the sum of $44,046.88 as required by the AGREEMENTS and ERISA, 29 U.S.C. § 1132(g)(2)(E).

5.     For a credit against the amounts owed in the sum of $4,000.00.

5.     For additional MONTHLY CONTRIBUTIONS, liquidated damages, subcontracting violations, audit costs, and/or other damages, according to proof at the time of trial or hearing, plus interest as provided by law from the date contributions became due;

6.     For Plaintiff's costs of audit in the sum of $2,480.00;

7.     For reasonable attorneys' fees;

1    8.    For the costs of suit herein; and

2    9.    For such other and further relief as the Court deems proper.

3

4                                          ALEXANDER B. CVITAN,
                                           MARSHA M. HAMASAKI, and
                                           PETER A. HUTCHISON of
5                                          REICH, ADELL & CVITAN
                                           A Professional Law Corporation
6

7

8  DATED: October 28, 2020

                                           By:_____
9                                              MARSHA M. HAMASAKI
                                               Attorneys for Plaintiff
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

403285.1                                   -10-